Smith, J.
In this case the claim asserted by the petition of the-plaintiffs, is based solely upon the ground that they are the owners in fee simple of the strip of-ground one and one-half rods wide, of which four and one-half feet in width along, the strip is in controversy. And the only ground upon-which their claim rests, is the alleged deed therefor, executed to them by their father, John I. Cline, now deceased,, while he was the owner of the land, and which is dated May" 30, 1881, but which deed, so far as the evidence shows,, was never delivered to them by him, or by any other person-authorized by him to do so, or which was ever delivered by him as an escrow, to any person to be delivered to them in- *90 any contingency, but which was found in the possession of another person a few days before the commencement of this suit, and several years after the death of the alleged grantor. The claim therefore of the plaintiffs in this regard is without any evidence to support it, and we might well dismiss the petition at their cost.
But we have heard the evidence offered in the case by the parties, as to the facts surrounding it, and we can, if equity requires it, allow the plaintiffs to amend their petition, and base their claim to the relief prayed for on other grounds, on proper terms as to costs. We are of the opinion that the plaintiffs are entitled to a roadway along the line of what is now the Bryant land, and this right ought, in some way, be assured to them. We are satisfied that when the father conveyed the three tracts of land to his three daughters, one to each, it was the arrangement and understanding between them, that they were to have a roadway or outlet through his other land to the road oh the south. There is no proof that it was to be of any particular width, but we are satisfied that Mr. Johnson, the surveyor whom he employed to survey the three farms intended for his daughters, and the one for his son Alexander which lay between them and the road, and to survey the road itself,and to write and take the acknowledgment of the deeds therefor, did run off this roadway rods in width. We question however from the evidence, whether the father had ever consented to give more than twenty feet for the roadway — but still, he signed and acknowledged the deed as it was written,for the strip 1-J-rods wide, but retained it in his possession until his death, and we think it very probable, in view of the evidence as to some of his statements, that it was the fact that the deed was for llj rods, that prevented him from delivering it to the plaintiffs. At all events, the strip was laid off 1-| rods wide, and the deed to his son called for the west line of this strip, and his line would seem to be l-j|. rods west of the Bryan line,
*91 As the deed for the roadway was never delivered, the fee in the land remained in the father subject to the right of the three daughters to the use of a roadway through his land at this point, and on his death it descended to his heirs at law, and is now in them subject to the same easement. How wide this roadway should be is a question of grave doubt. It is shown that within a year or two after the deeds to the three daughters for their several tracts, and that to his son Alexander were delivered fall of them as well as the deed for this strip having been executed at,the same time), Alexander Cline proceeded to erect a fence on or along the west side of the strip, so "that, with the Bryant fence, there would be one on each side of it. The space between these two fences was not of the same width for the whole length of it. It varied in width from about twenty to twenty-nine feet. This was done in the ■ life time of John I, Cline, and with his knowledge, and without any objection on the part of any one, and the road was so used until this time and without any controversy as to its width, until about a year ago, when Mi. Bryant having removed his old worm fence which stood on and straddled his line, replaced it with a straight fence on the line,and thereby widened the roadway, when the defendant Wm. Cline, who had purchased the farm deeded by his father to his brother Alexander, undertook to move his worm fence eastward so as to leave but twenty feet of a roadway. Then plaintiff by this action sought to enjoin him from doing so. What would be the rights of the parties in such case if the question were properly raised ? The matter is not at all free from doubt.
If the heirs of John J. Cline are the owners of the strip 1-|-rods wide,free from any easement of the three daughters, it would seem that one or more of the six co-tenants could not enjoin another co-tenant from a use of a part of the land. They are all entitled to fhe possession of the tract. If one *92 of them should wrongfully keep his co-tenants out of possession, ejectment or trespass would lie. But there could ■not be an injunction, as they would have an adequate remedy at law. If the three daughters have an easement in it, we suppose an unlawful interference with it might be enjoined. There is confessedly no easement by prescription, for the use has not been continued for twenty-one years. But as before intimated, we think they have such an easement by contract and the taking possession of it. But in this case it would be limited to the width so taken possession of and accepted. And the court could only decree them this right where the petition contained proper counts and all the parties in interest were before the court.
J. M. Morton, for Plaintiffs.
Wm. Slone, for Defendant.
In view of all the facts, we are of the opinion that it would be better for all the parties to accept the compromise which was at one time substantially agr.eed upon; and that the ■other heirs of John Cline should conevy to these three ■daughters twenty feet in width of the ground adjoining the Bryant land. This we think would be equitable and just, and would perhaps conform to the intention of the father, and of all the parties,
If the plaintiffs will not agree to this, and desire to amend their petition, it may be done on the payment of all the costs in the case up to this time. If defendant and plaintiffs agree to the suggestion and carry it out, plaintiff must pay the costs. If defendant will not agree to it, or it can not be accomplished, we will allow the amendment, and reserve the question of costs for future decision.